**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 21 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ERIN DAVID, | No.   20-36035 |
| Plaintiff-Appellant, | D.C. No. 3:20-cv-05009-MAT |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Mary Alice Theiler, Magistrate Judge, Presiding

Argued and Submitted November 19, 2021
Pasadena, California

Before:  BERZON and RAWLINSON, Circuit Judges, and DORSEY,** District
Judge.
Dissent by Judge RAWLINSON

Erin David appeals the district court's decision to affirm the Social Security

Commissioner's denial of her application for disability insurance benefits and

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Jennifer A. Dorsey, United States District Judge for
the District of Nevada, sitting by designation.

supplemental security income under Titles II and XVI of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291, and hold that the Administrative Law Judge (ALJ) failed to consider the evidence in light of the unique nature of fibromyalgia, as recognized in *Revels v. Berryhill*, 874 F.3d 648 (9th Cir. 2017), and Social Security Ruling (SSR) 12-2P. Because the ALJ did not sufficiently evaluate the testimony of David's two long-time treating physicians—Dr. Kenneth Bakken and Dr. Clyde Addison—we reverse the district court, vacate the ALJ's denial of benefits, and remand to the ALJ for reconsideration under those authorities.

The ALJ failed to provide clear and convincing reasons for giving little weight to Dr. Bakken's opinion that David cannot work a full-time sedentary job. Giving Dr. Bakken's opinion the lowest weight of any medical opinion in this case, the ALJ concluded that it was not based on objective medical evidence and that his determinations were neither supported by his own examination records nor the evidence as a whole. But the ALJ ignored the longitudinal record, which shows that Dr. Bakken treated David for nearly seven years over more than 80 visits, and that David's pain level fluctuated with from visit to visit, as fibromyalgia symptoms tend to do. *See Revels*, 874 F.3d at 657 ("SSR 12-2P recognizes that the symptoms of fibromyalgia 'wax and wane,' and that a person may have 'bad days and good days.'" (quoting SSR 12-2P at *6)). Although not a rheumatologist,

Dr. Bakken's pain-management practice is concentrated largely on treating fibromyalgia patients, so his specialized knowledge should be given more weight than that of a non-specialist physician. *See Benecke v. Barnhart*, 379 F.3d 587, 594 n.4 (9th Cir. 2004) (noting that treating physicians' opinions—especially those of specialists—are generally afforded greater weight and are "particularly important with respect to a disease such as fibromyalgia that is poorly understood within much of the medical community").

Even if Dr. Bakken's opinion would not merit controlling weight in calculating David's residual functional capacity, the ALJ still erred in failing to consider factors such as the nature and extent of Dr. Bakken's treatment relationship with David when determining the weight to give his specialized medical opinion. *See Revels*, 874 F.3d at 654 (citing 20 C.F.R. § 404.1527(c)(2)–(6)). The ALJ also erred in ignoring the contradiction between Dr. Bakken's testimony about how much work David would likely need to miss because of her symptoms and the vocational expert's testimony about how many unexcused absences and daily breaks an employer would tolerate. The ALJ further erred in giving more weight to the opinion of non-examining Social Security Administration medical consultants and to that of Dr. Brett Valette (a psychologist who examined David once) than to that of Dr. Bakken.

On remand, the ALJ is instructed to account for the "sea-change" that occurred in fibromyalgia social security jurisprudence following the publication of SSR 12-2P and this court's related analytical framework and holding in *Revels*. *Id.* at 656. The ALJ should consider the longitudinal record and account for the unique nature of the often-misunderstood condition of fibromyalgia, including that it is diagnosed based entirely on a patient's subjective reports, not through any X-ray, magnetic-resonance imaging, electromyography test, or other laboratory test. In addition to Dr. Bakken's opinion, the ALJ must also consider David's own symptom testimony, along with the medical records from David's primary-care physician, Dr. Addison, and the third-party function report of David's fiancé, David Pruss.

We reverse the district court, vacate the ALJ's denial of benefits, and remand to the ALJ with instructions to re-evaluate the evidence in light of SSR 12-2P and *Revels*.

**VACATED AND REMANDED**.

*David v. Kijakazi*, Case No. 20-36035
**Rawlinson, Circuit Judge, dissenting:**

I respectfully dissent from my esteemed colleagues' conclusion that the Administrative Law Judge (ALJ) did not adequately analyze the medical opinions under our decision in *Revels v. Berryhill*, 874 F.3d 648 (9th Cir. 2017) and Social Security Ruling (SSR) 12-2p, both of which address fibromyalgia.

In this case, the claimant and Dr. Bakken, her treatment doctor, reported that her fibromyalgia manifested in neurological impairment. Specifically, Dr. Bakken opined that the claimant's fibromyalgia rendered her completely incapable of standing, walking, or lifting even nominal weight. However, his records contained no notations reflecting any weakness in patient's arms or legs, or any limited mobility. In contrast, a rheumatologist, the practice specialty for treatment of fibromyalgia, examined the claimant and determined that her neurological exam was normal. Her motor nerves functioned normally, her sensory nerves functioned normally, her arms and legs had normal strength, her walk was normal, and her muscle tone was normal. These findings are completely inconsistent with the complete inability to stand, walk or lift even nominal weight as opined by claimant's treating doctor.

In light of this conflicting medical evidence in the record, it is impossible to

1

conclude that the ALJ's weighing of that evidence is not supported by substantial evidence. *See Coleman v. Saul*, 979 F.3d 751, 755 (9th Cir. 2020). After all, it is the role of the ALJ to weigh the medical evidence, not ours. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041-42 (9th Cir. 2008).

The ALJ's decision in this case did not run afoul of *Revels* or SSR 12-2p. We reversed the ALJ decision in *Revels* because the ALJ gave *no* weight to the opinion of a rheumatologist, the specialty practitioner for fibromyalgia. *See* 847 F.3d at 656, 662. Rather, the ALJ credited the opinions of non-examining physicians. *See id.* at 662. In this case, the ALJ gave the opinion of the non-specialist treating physician *little* weight rather than no weight. The ALJ provided "specific and legitimate reasons supported by substantial evidence" in the record, *i.e.*, the various medical reports. *Revels* requires no more. *Id.* at 663.

SSR 12-2p offers "guidance" on determining the existence of fibromyalgia (which is not at issue in this case). *See* 2012 WL 8104869 at *1 (July 25, 2012). The closest the ruling comes to weighing medical opinions is a statement that "[w]idespread pain and other symptoms associated with [fibromyalgia], such as fatigue, *may* result in exceptional limitations that prevent a person from doing the full range of unskilled work in one or more of the exceptional categories . . ." Nothing in that statement calls into question the weighing of the conflicting

2

medical opinions performed by the ALJ in this case.

Because I agree with the district court that the ALJ's decision was supported by substantial evidence in the record, I would affirm.